United States District Court
Southern District of Texas
**ENTERED**
March 30, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH SHIREY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-15-3368 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

The plaintiff, Elizabeth Shirey, slipped and fell on a single green grape while shopping at a Wal-Mart store. Shirey was injured and required surgery. The green grape had fallen onto the off-white floor 17 minutes before Shirey slipped and fell. Shirey sued Wal-Mart for premises liability and negligence.

Based on a careful review of the motion, response, and reply; the record; and the relevant law, Wal-Mart's motion for summary judgment is granted. The reasons are set out below.

**I.     Background**[1]

The plaintiff, Elizabeth Shirey, slipped on a single green grape and fell while shopping at a Wal-Mart store in July 2015. (Docket Entry No. 30, Ex. B at 44). She was injured and has had surgery for the injuries she sustained. (Docket Entry No. 31, Ex. 8 at 85). The green grape fell from another customer's cart on to the off-white floor approximately 17 minutes before Shirey slipped.

---

[1] The summary judgment evidence includes deposition excerpts from: Elizabeth Shirey (Docket Entry No. 31, Ex B); Rylie Currie, Shirey's niece (*Id.*, Ex. C); William Shirey, Shirey's husband (*Id.*, Ex. D); Tracy Gilmore, a Wal-Mart associate (*Id.*, Ex. E); Nancy Laiche, Wal-Mart's corporate representative (*Id.*, Ex. F); and Christina Gehringer, Wal-Mart's corporate representative (Docket Entry No. 31, Ex. 6). The evidence also includes the first amended complaint (Docket Entry No. 30, Ex. A); a photo of the green grape that Shirey slipped on (*Id.*, Ex. H); surveillance video of the fall (*Id.*, Ex. G); screenshots of the surveillance video (Docket Entry No. 31, Exs. 2–5); and documents produced by Wal-Mart (*Id.*, Ex. 9).

(Docket Entry No. 30, Ex. G). Approximately 30 seconds after the grape fell onto the floor, a Wal-Mart associate walked past the grape and did not see it on the floor. (*Id.*). She contends that while the Wal-Mart associate who walked past the grape did not notice it on the floor, he should have. (Docket Entry No. 31). She points to a Wal-Mart policy that requires associates to perform a "visual sweep" by looking for potential hazards, like spills and debris. (*Id.*, Ex. 9). Company policy also requires Wal-Mart associates to be attentive to their surroundings while on duty. (Docket Entry No. 30, Ex. F at 24-25).

Shirey sued Wal-Mart under a premises liability theory and for negligence. (Docket Entry No. 15). In Shirey's response to the motion for summary judgment, she concedes that her negligence claim cannot be maintained simultaneously with a premises liability action. (Docket Entry No. 31 at n.1). The negligence claim is accordingly dismissed.

After discovery, Wal-Mart moved for summary judgment, Shirey responded, and Wal-Mart replied. (Docket Entry Nos. 30, 31, 32). Based on a careful review of the motion, response, and reply; the record; and the relevant law, Wal-Mart's motion for summary judgment is granted.

## II.     The Applicable Legal Standards

### A.     Summary Judgment

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial

responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'"  *Id.* (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (quotation marks omitted); *see also Celotex*, 477 U.S. at 325.  Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted).  "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

"Once the moving party [meets its initial burden], the non-moving party must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Nola Spice*, 783 F.3d at 536 (quoting *EEOC*, 773 F.3d at 694).  The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007).  "This burden will not be satisfied by 'some metaphysical

doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008); *see also Nola Spice*, 783 F.3d at 536.

### B.   Premises Liability

"Under Texas law, a property owner owes an invitee a duty to protect the invitee from dangerous conditions that are known or reasonably discoverable. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000). The property owner is not, however, an insurer of the invitee's safety. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002); *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). A plaintiff asserting a claim for premises liability must show that: (1) the owner or occupier had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner or occupier's failure to use such care proximately caused the plaintiffs injury. *CFMH Homes*, 15 S.W.3d at 99.

## III.   Analysis

Wal-Mart moves for summary judgment because Shirey cannot show that it had constructive knowledge of the grape. *CFMH Homes*, 15 S.W.3d at 99. Wal-Mart does not dispute that the other elements of premises liability are shown here.

To show constructive knowledge, Shirey must present evidence that Wal-Mart had a reasonable opportunity to discover the grape. *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006). To determine whether a premises owner had constructive knowledge, Texas courts

examine the proximity of employees to the hazard, the conspicuity of the hazard, and how long the hazard was in place. *Id.* (to show constructive notice, courts must analyze "the combination of proximity, conspicuity, and longevity").

Shirey must present evidence that the grape was on the floor long enough to give Wal-Mart a reasonable opportunity to discover it. *Reece*, 81 S.W. 3d at 814. The so-called "time-notice rule" is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition. *Id.* at 816. What constitutes a reasonable time for a premises owner to discover a dangerous condition will vary depending on the facts and circumstances presented. *Id.* The undisputed evidence shows that a single green grape fell on the floor and remained there for approximately 17 minutes before Shirey slipped and fell. A dangerous condition that has existed for forty-five minutes or less has been considered to be legally insufficient to show constructive knowledge. *Garcia v. Ross Stores, Inc.*, 896 F. Supp. 2d 575, 580–81 (S.D. Tex. 2012) (citing *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 894 (5th Cir. 2000); *Brookshire Food Stores, L.L.C. v. Allen*, 93 S.W.3d 897, 900–01 (Tex. App.—Texarkana 2002, no pet.); *Wal–Mart Stores, Inc. v. Lopez*, 2000 WL 31971, (Tex. App.—San Antonio 2000, no pet.)). The Fifth Circuit recently rejected a plaintiff's argument that the district court erred by applying a "hardline temporal requirement" for evidence of constructive notice and affirmed the district court's grant of summary judgment. *See Murray v. Chick-Fil-A, Inc.*, 626 F. App'x 515, 517 (5th Cir. 2015). Shirey has not shown that the grape was on the floor long enough to show that Wal-Mart had constructive knowledge.

Nor can Shirey show that this was a conspicuous hazard. Shirey points to screenshots of the surveillance video to show that the "regular sized green grape" was conspicuous on the off-white

floor. But those photos only serve to show that the grape was nearly invisible. *Cf. Rivas v. MPII, Inc.*, 2011 WL 1106692, at *5 (Tex. App.—Corpus Christi Mar. 24, 2011, pet. denied) (a large hole in a cemetery next to a grave site that employees prepared for a day or two prior to the accident was sufficient evidence to overcome summary judgment). This is unlike cases in which courts have considered that the conspicuous nature of the hazard could shorten the reasonable period of time in which an employee should have discovered it. *Compare Reece*, 81 S.W.3d at 816 (a large puddle of dark liquid on a light floor could shorten the time in which a jury could find that the premises owner should have discovered the hazard); *with Granados v. Wal–Mart Stores, Inc.*, 653 F. App'x. 366, 370 (5th Cir. 2016) (clear spill on a light-colored floor was not so conspicuous as to shorten the time in which a premises owner reasonably could have discovered the hazard).

There is undisputed evidence that a Wal-Mart associate walked past the grape 30 seconds after it fell onto the floor and did not notice it. Shirey argues that the Wal-Mart associate should have noticed the grape and picked it up.[2] It is well established that mere proximity by employees is not enough to raise a fact issue on whether the premises owner had constructive knowledge of the condition. *See Reece*, 81 S.W.3d at 816 n.1 (disapproving cases to the extent they suggest proximity alone is enough to establish constructive notice). The undisputed evidence also shows that the associate walked past, and did not spend "continuous and significant" time near the grape in a manner that would shorten the time necessary to show constructive knowledge. *See Granados*, 653 F. App'x at 370 (rejecting the plaintiff's argument that the associate "should have seen" the hazard

---

[2] Shirey also cites the Wal-Mart policies which require employees to keep assigned areas from free hazards to support her argument that the associate should have seen the grape. *Reece* rejected this argument. "[T]his evidence is immaterial to the constructive-notice issue. It is undisputed that [the associate] did not notice the hazard he purportedly walked past; thus the hazard was not known and the store's policy was not implicated." *Reece*, 81 S.W. 3d at 817.

when it was inconspicious and the associate was mopping near the hazard for less than five seconds) (citing *Reece*, 81 S.W. 3d at 816 ("[I]f the dangerous condition is conspicuous as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it. Similarly, if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition.")).

Construing all the evidence in a light most favorable to Shirey, she has failed to show that a reasonable juror could conclude that Wal-Mart had constructive knowledge of the green grape. *See Threlkeld*, 211 F.3d at 894. Wal-Mart's summary judgment motion is granted.

**IV.　Conclusion**

Wal-Mart's motion for summary judgment is granted, (Docket Entry No. 30). Final judgment is entered by separate order

SIGNED on March 30, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge